UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YINKA ABOSEDE ADESHINA,

                              Plaintiff,

            -against-

SEAN COMBS,

                              Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  3/19/2026

25-cv-1666 (MKV)

OPINION AND ORDER
GRANTING
MOTION TO DISMISS

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Yinka Abosede Adeshina, proceeding *pro se*, brings this diversity action against Defendant Sean Combs, alleging that he sexually abused her when she "was a young child" [ECF No. 20 ("AC") ¶ 5]. Before the Court is a motion by Combs to dismiss for failure to state a claim [ECF Nos. 23, 24, 25]. For the reasons set forth below, the motion is GRANTED.

## I.    BACKGROUND[1]

### A. Facts

Plaintiff Yinka Abosede Adeshina alleges that Defendant Sean Combs sexually abused her when she "was a young child." AC ¶ 5; *see id.* ¶¶ 2 ("Plaintiff was a young child when she was raped by Sean Combs"), 3, 4. She further alleges that Defendant "was a young adult" at the time. *Id.* ¶ 6. Plaintiff asserts in her brief that the alleged "child sexual abuse occur[ed] between 1972 and 1975." Opp. at 2; *see also id.* at 8. Plaintiff does not say how old she is now.

---

[1] The facts are taken from Plaintiff's operative pleading, the Amended Complaint [ECF No. 20 ("AC")], and, for purposes of this motion, accepted as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The ordinary rule is that "a complaint cannot be amended by the briefs in opposition to a motion to dismiss." *Clean Coal Techs., Inc. v. Leidos, Inc.*, 377 F. Supp. 3d 303, 321 (S.D.N.Y. 2019) (quoting *LLM Bar Exam, LLC v. Barbri, Inc.*, 271 F. Supp. 3d 547, 580 (S.D.N.Y. 2017)). However, "the mandate to liberally construe *pro se* pleadings" sometimes "makes it appropriate to consider the facts set forth in plaintiff's opposition papers." *Acheampong v. United States*, 2000 WL 1262908 at *4 (S.D.N.Y. 2000) (quoting *Samuels v. Stone*, 1999 WL 624549, at *5 n.1 (S.D.N.Y. Aug. 17, 1999)). As such, in light of Plaintiff's *pro se* status, the Court also considers alleged facts asserted in Plaintiff's brief in opposition to the motion to dismiss [ECF No. 29 ("Opp.")].

Plaintiff alleges that Defendant's "mother was [her] baby sitter" and "neighbor." AC ¶ 5. She alleges that Defendant "lived with his mother." *Id.* ¶ 6. Plaintiff offers no information about where the parties allegedly lived or where the alleged abuse occurred.[2]

Plaintiff alleges that Defendant sexually assaulted Plaintiff "often" when Defendant's mother was Plaintiff's babysitter. AC ¶ 7. She alleges that Defendant "would pry open [her] labia, drink [her] private part and penetrate [her]." *Id.* Plaintiff further alleges that Defendant "allowed his friends to have sex with" her. *Id.* ¶ 8. Plaintiff alleges that, on one occasion, "three of [Defendant's] friends . . . . raped" Plaintiff, and Defendant "put a pipe to [her] private part" and "poured alcohol down the pipe and into [her] cervix." *Id.* ¶ 9; *see id.* ¶ 10.

Plaintiff further alleges that, at some unspecified time, her "family and [she] decided to move to Africa." AC ¶ 11. They "travelled through the International Airport," and Defendant "was there at the Airport." *Id.* Plaintiff alleges that "[h]e had sex with [her] in the bathroom" and "was also on [their] flight to Africa." *Id.*

## B. Procedural History

Plaintiff, proceeding *pro se*, initiated this action in 2025 by filing a complaint, using a form available to *pro se* plaintiffs [ECF No. 1 (the "Original Complaint" or "Compl.")]. In the Original Complaint, Plaintiff specified that the events underlying her claim allegedly occurred in "1972 to 1975." Compl. at 5. When prompted to provide the "[p]lace(s) of occurrence," Plaintiff wrote, "In his apartment, in my Parent's apartment" but did not supply geographic information. *Id.* The substantive allegations in the Original Complaint overlap with the facts described above, but there is no mention of an incident at an airport. *See id.*

---

[2] Plaintiff alleges that she currently "resides" in Florida. AC ¶ 20. At one point in her opposition, Plaintiff suggests that the parties have some connection to Washington, D.C., but it is not clear who she alleges lived in D.C. or when. *See* Opp. at 8.

The Original Complaint also asserts that although Defendant "claims his birth year is 1969," "[h]e is at least 12 years older" than Plaintiff. Compl. at 5. Plaintiff does not say what year she was born. In the Original Complaint, Plaintiff alleged that Defendant "was a young adult" when he allegedly sexually abused Plaintiff, but there are no allegations about how old Plaintiff was at the time. *Id.*

The Original Complaint invoked "the Gender Motivated violent [sic] Act." Compl. at 5. Plaintiff "request[ed] $80 million us dollars." *Id.* at 6. She also sought a "letter of apology" and that Defendant's "name be added to the sex predator list." *Id.*

Thereafter, in accordance with the Court's Individual Rules of Practice in Civil Cases, Defendant filed a pre-motion letter seeking leave to file a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [ECF No. 16 ("PML")]. In his pre-motion letter, Defendant argued that the Original Complaint "should be dismissed because the allegations are implausible on their face, not covered by the statute pursuant to which the lawsuit is brought, and time-barred." PML at 1. Defendant stressed that he "was a *toddler*," specifically, a "three- to six-year-old," during the years Plaintiff alleges he assaulted her. *Id*. (emphasis in original). Defendant also argued that Plaintiff had asserted "a single claim for violation of New York City's Victims of Gender Motivated Violence Protection Law, N.Y.C. Admin Code § 10-1101 *et seq.* ('VGMVPL')," which was enacted "almost three decades" after the alleged abuse. *Id.* Specifically, Defendant explained, the First Department has held that the VGMVPL does not apply retroactively to conduct that occurred before the enactment of the law in 2000. *Id.* at 2 (citing *S.S. v. Rockefeller Univ. Hosp.*, 239 A.D.3d 424, 236 N.Y.S.3d 145 (1st Dep't 2025)).

After reviewing the pre-motion letter, the Court issued an Order granting Defendant leave to file a motion to dismiss and "*sua sponte* grant[ing] Plaintiff leave to amend the Complaint before

any such motion is filed" [ECF No. 17 ("Scheduling Order")]. The Court warned, in bold typeface: "**Plaintiff is on notice that this will be her last opportunity to amend the complaint to cure any deficiency identified in the pre-motion letter**." Scheduling Order at 1. The Court also noted that it was "setting a long [schedule]," giving Plaintiff plenty of time to amend and to oppose the motion to dismiss, "because she is *pro se*." *Id.*

Thereafter, Plaintiff filed the Amended Complaint [ECF No. 20 ("AC")]. The Amended Complaint omits any reference to dates of the alleged abuse. It also omits any reference to the VGMVPL. Plaintiff asserts in the Amended Complaint that "[t]he Violence against women's act is protective and prevents [Defendant's] crime from happening again," citing "VAWA act of 2025," "the United States Constitution," and "34 USC 20911 and 34 USC 12361." AC ¶ 15. She does not otherwise mention any specific cause of action. The Amended Complaint adds the allegations, described above, that Defendant "had sex with [Plaintiff] in the bathroom" of an airport and "was also on [her] flight to Africa." AC ¶ 11.

Defendant filed a motion to dismiss the Amended Complaint for failure to state a claim under Rule 12(b)(6) and a memorandum of law in support of his motion [ECF Nos. 23, 25 ("Mem.")]. Defendant also, improperly, submitted with his motion to dismiss a declaration of counsel attaching as an exhibit a "copy of Mr. Combs' passport which reflects that he was born in 1969" [ECF No. 24, 24-1 (the "Passport")].[3] In his brief, Defendant improperly urges the Court to take judicial notice of "[p]ublic records indicat[ing] that Plaintiff was born in 1971." Mem. at

---

[3] Defendant cannot submit evidence in support of his 12(b)(6) motion to dismiss for failure to state a claim. The Second Circuit has expressly held that "a district court errs when it 'considers affidavits and exhibits submitted by' defendants" in this posture. *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) (alteration adopted) (quoting *Kopec v. Coughlin*, 922 F.2d 152, 155 (2d Cir. 1991)). Rather, "a district court must either 'exclude the additional material and decide the motion on the complaint alone' or 'convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material.'" *Id.* (quoting *Fonte v. Board of Managers of Continental Towers Condominium*, 848 F.2d 24, 25 (2d Cir. 1988)). As such, the Court excludes and does not consider the Passport (likewise the declaration of counsel, which itself does not purport to offer evidence and is merely a vehicle for submitting the Passport).

3; *see id*. n.1.  He cites two newspaper articles which, Defendant asserts, "report[]" that Plaintiff was 43 years old in 2014.[4]  *Id.* at 3.

In his opening brief, Defendant argues that, if the Court credits the dates in the Original Complaint, any tort claims Plaintiff purports to assert are time-barred.  *See* Mem. at 5.  He argues that, alternatively, the Amended Complaint should be dismissed "on the ground that Plaintiff's failure to plead . . . the date(s) of the alleged conduct constitutes a failure to provide Mr. Combs adequate notice of the claims against him."  *Id.*  He also argues that VAWA does not provide a private right of action.  *Id.* at 6.  Defendant further argues that Plaintiff fails to state a plausible claim based on her allegations that "Mr. Combs somehow appeared at an unnamed airport on an unidentified day in an unidentified year" when "Plaintiff and her family decided to move to an unspecified location on the African continent."  *Id.* at 7.

Plaintiff filed a memorandum of law in opposition to Defendant's motion to dismiss [ECF No. 29 ("Opp.")].  In her brief, Plaintiff reiterates the allegation in the Original Complaint that the alleged abuse "occurr[ed] between 1972 and 1975."  Opp. at 2; *see also id.* at 8 ("where and what was the Defendant doing with his life between 1972 and 1975?").  Plaintiff also elaborates in her brief on the alleged incident at the airport.  She asserts that her family "decided to move to Nigeria in West Africa."  *Id*. at 8.  She further asserts:

> I found out the Defendant was travelling to Nigeria too, that afternoon of the intended trip.  We left Washington DC - Dulles Airport in the afternoon and got to NewYork - John F. Kennedy International Airport in the early evening.  The Plaintiff wanted to go to the bathroom, and there he was - the Defendant.  He volunteered to take the Plaintiff to the bathroom.  And in there, he raped the Plaintiff

---

[4] The Court has not reviewed the articles and will not cite them here.  Based on the titles alone, Defendant's effort to put these articles before the Court appears to be a transparent attempt to impugn Plaintiff's character, rather than merely to offer hearsay information about her age.  In any event, the Court also cannot consider the articles to establish Plaintiff's age. *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008).  Contrary to Defendant's contention, the Court absolutely cannot take judicial notice of public records "for the truth of their contents" on a motion to dismiss for failure to state a claim.  *Id*.

again in the bathroom.  Then he took the Plaintiff back to the plane, and we went
to Nigeria.

*Id.*  It is not clear the Court whether Plaintiff contends that Defendant, like her family, traveled from Washington, D.C. to New York, or that she first encountered him, on this occasion, at the airport in New York.  She does not clarify when this allegedly occurred.

In her opposition brief, Plaintiff clarifies that her "causes of action" are: (1) "Title 18 U.S.C. 2242"; (2) "the GMVA (Gender motivated violence act) also known as the VGMVPL act of 2023"; (3) "the Violence Against Women Act (VAWA)"; (4) "the Eliminating Limits to Justice for Child Sex Abuse Victims Act of 2022," 18 U.S.C. § 2255; and (5) "the U.S. Constitution (9th and 14th Amendments)."  Opp. at 2, 3, 5.

Defendant filed a reply brief in further support of his motion arguing that all "conceivable causes of action" are time-barred and Plaintiff's other purported causes of action are not cognizable [ECF No. 30 ("Reply") at 2].

## II.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The allegations must raise "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* Courts do not credit "conclusory allegations or legal conclusions couched as factual allegations." *Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 188–89 (2d Cir. 2020) (ellipsis omitted) (quoting *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014)).

The Court must "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)). A district court is not, however, tasked with "scouring obscure bodies of law in order to come up with novel claims on behalf of *pro se* litigants." *Id.* at 158. Moreover, even a *pro se* plaintiff's submissions must give the defendant "fair notice of [the] claim and the grounds upon which it rests." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008); *see also Twombly*, 550 U.S. at 545; *Taylor v. Salazar*, 325 F. App'x 43, 44 (2d Cir. 2009).

## III.   DISCUSSION

### A.  Any Claim Plaintiff Might Have Is Time-Barred.

Plaintiff argues that justice requires allowing her case "to proceed to discovery and trial." Opp. at 9. However, in our system of justice, there is "a time limit for suing in a civil case." *CTS Corp. v. Waldburger*, 573 U.S. 1, 7 (2014) (quoting Black's Law Dictionary 1546 (9th ed. 2009) ("Black's")). Time limits are "fundamental to a well-ordered judicial system." *Bd. of Regents of Univ. of State of N. Y. v. Tomanio*, 446 U.S. 478, 487 (1980). They "require plaintiffs to pursue 'diligent prosecution of known claims,'" *CTS*, 573 U.S. at 8 (quoting Black's 1546), and "avoid[] litigation of stale or fraudulent claims," *Mills v. Habluetzel*, 456 U.S. 91, 99 (1982). Time limits "promote justice by preventing surprises through plaintiffs' revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.'" *CTS*, 573 U.S. at 8 (alteration adopted) (quoting *Railroad Telegraphers v. Railway*

7

*Express Agency, Inc.*, 321 U.S. 342, 348–349 (1944)).  A time bar also "embodies the idea that at some point a defendant should be able to put past events behind him."  *Id.* at 9.

As the Supreme Court has explained, "there comes a point at which the delay of a plaintiff in asserting a claim is sufficiently likely either to impair the accuracy of the fact-finding process or to upset settled expectations that a substantive claim will be barred without respect to whether it is meritorious."  *Bd. of Regents*, 446 U.S. at 487.  Thus, "[w]here the dates in a complaint show that an action is barred by a statute of limitations," the action is "properly" dismissed on a motion for failure to state a claim on which relief can be granted.  *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989).  In other words, actions that are obviously time-barred do not proceed to discovery, much less trial.

Plaintiff "allowed [her purported claims] to slumber" for more than fifty years.  *CTS*, 573 U.S. at 8; *see* Compl. at 5 (alleging in a 2025 pleading that the alleged facts took place in "1972 to 1975"); Opp. at 2.  Plaintiff alleges that she "was a young child" when Defendant allegedly abused her, AC ¶¶ 2–5, and, to be sure, accepting those allegations as true might explain some period of delay by Plaintiff in seeking redress.  Nevertheless, it "would be utterly repugnant to the genius of our laws" to allow Plaintiff to proceed on her demand for $80 million, among other relief, based on salacious allegations that, ***beginning more than fifty years ago***, Defendant engaged in horrific misconduct in an unknown or unspecified jurisdiction, on unknown or unspecified dates, while sometimes accompanied by unknown or unnamed others.  *Adams v. Woods*, 6 U.S. 336, 342 (1805) (Marshall, C.J.).  There can be little doubt that, over the course of more than fifty years, "evidence has been lost, memories have faded, and witnesses have disappeared.'"  *CTS*, 573 U.S. at 8.  It is therefore unsurprising that any claim Plaintiff might have had against Defendant is clearly time-barred by statute, or is otherwise unavailable.

In particular, Plaintiff's tort claims are clearly time-barred.[5]  *See* N.Y. C.P.L.R. § 215(3); D.C. Code § 12–301(4); *id.* § 12-301(8).  Plaintiff does not expressly assert any tort claims, but, in light of her *pro se* status, the Court liberally construes the Amended Complaint to allege claims for assault, battery, and intentional infliction of emotional distress.  *See McLeod*, 864 F.3d at 156.  Under New York law, an action for an intentional tort generally must be commenced within one year of the alleged injury.  *See* N.Y. C.P.L.R. § 215(3).  Plaintiff alleges that Defendant sexually abused her "between 1972 and 1975."  Opp. at 2.  Thus, any claims arising out of the allege abuse expired in 1976, approximately 49 years before Plaintiff commenced this action, and are, therefore dismissed.[6]  *See Ghartey*, 869 F.2d at 162.

With respect to the allegations in the Amended Complaint and Plaintiff's opposition brief that Defendant raped Plaintiff in an airport bathroom (ostensibly at JFK), Plaintiff has not clearly alleged any approximate date.  *See* AC ¶ 11; Opp. at 8.  If this alleged rape occurred during the

---

[5] In attempting to liberally construe Plaintiff's pleading to assert tort claims, the Court faces a threshold choice of law problem because Plaintiff never says where in the United States the parties allegedly lived from 1972 to 1975, when, she alleges, Defendant repeatedly sexually abused her.  Where a plaintiff invokes the Court's diversity jurisdiction to assert tort claims, the Court determines what state's substantive law to apply by looking to the choice of law principles of the forum state, which, here, is New York.  *See Celle v. Filipino Rep. Enterprises Inc.*, 209 F.3d 163, 175 (2d Cir. 2000) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)).  The Court declines to conduct a full choice of law analysis, however, because the only state substantive law both parties ever invoke is New York law.  *See* Compl. at 5; Mem. at 5; Opp. at 2.  *See Chau v. Lewis*, 771 F.3d 118, 126 (2d Cir. 2014) ("The parties' briefs assume that New York law controls, and such implied consent is sufficient to establish choice of law."); *Celle*, 209 F.3d at 175 (parties were "deemed to have consented to" the application of New York law).  A couple of statements in Plaintiff's brief suggests Washington, D.C. as possible location for the alleged abuse.  *See* Opp. at 8.  Both New York and D.C. impose one-year statutes of limitations for assault and battery.  *See* N.Y. C.P.L.R. § 215(3); D.C. Code § 12–301(4).  New York also imposes a one-year statute of limitations for intentional infliction of emotional distress, while D.C. apparently affords a three-year statute of limitations for intentional infliction of emotional distress. *See Callahan v. Image Bank*, 184 F. Supp. 2d 362, 363 (S.D.N.Y. 2002) (one year in New York); *Smith v. Soros*, No. 02-cv-4229 (JGK), 2003 WL 22097990, at *7 (S.D.N.Y. Sept. 5, 2003) (three years in D.C.), *aff'd*, 111 F. App'x 73 (2d Cir. 2004).

[6] Plaintiff has not suggested that the statutes of limitations on her claims should be equitably tolled.  The Court is required to liberally construe a *pro se* plaintiff's pleadings and briefs, but it is not required to advance arguments her own submissions do not "suggest."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).  Even if the Court were to attempt to fabricate an argument for equitable tolling on Plaintiff's behalf, there would be no basis for the Court to infer that "she has exercised due diligence" and faced extraordinary obstacles in pursuing her rights "during the *entire* period . . . she seeks to toll," as required for the application of the extraordinary remedy of extending a statute of limitations.  *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008).  As such, the claims are clearly time-barred.

1972 to 1975 time period, which is the only time period Plaintiff has identified as relevant to this case, *see* Opp. at 2, 8, the same analysis applies.  Thus, any tort claims arising out of that alleged rape are dismissed with prejudice as time-barred.  *See Ghartey*, 869 F.2d at 162.

Alternatively, Plaintiff fails to state a plausible claim for relief based on the alleged events at the airport because she has failed to offer sufficient "factual content" to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  To be sure, a "failure to allege *specific dates* does not necessarily run afoul of" the fundamental requirement that a plaintiff must give a defendant fair notice of the basis for her claim. *Harnage v. Lightner*, 916 F.3d 138, 142 (2d Cir. 2019) (emphasis added).  Here, unless the alleged airport rape occurred between 1972 and 1975, Plaintiff has offered *no allegations whatsoever* about when *in the last fifty years* it allegedly occurred.

The Second Circuit has specifically held that it is error for a district court to dismiss a case *sua sponte* under Rule 8 based on a *pro se* plaintiff's "failure to allege *specific dates . . . especially where . . .* the plaintiff lacks ready access" to relevant records *in the defendant's possession.* *Harnage*, 916 F.3d at 142 (emphases added).  Obviously, this is not such a case.  Here, Defendant filed a pre-motion letter notifying Plaintiff of his intention to file a motion to dismiss and his principal arguments.  *See* PML.  The Court provided Plaintiff with an opportunity to amend her pleading to cure the deficiencies Defendant had identified.  *See* Scheduling Order.  Plaintiff availed herself of that opportunity and added new allegations about the alleged airport incident.  *See* AC ¶ 11.  In the Amended Complaint, Plaintiff asserted highly general facts, alleging only that her she and her family had decide to move to "Africa," they went to an unspecified "International Airport," "Sean Combs was there at the Airport," "[h]e had sex with [her] in the bathroom," and "was also on [their] flight to Africa." *Id.*  Thereafter, in his motion to dismiss, Defendant argued that these

10

allegations were vague and implausible. *See* Def. Mem. at 7. Plaintiff responded by adding more detail in her opposition brief about the alleged trip, and changing her allegation that the parties had "had sex," AC ¶ 11, to an assertion that Defendant "raped" her, Opp. at 8. Despite the ordinary rule that a plaintiff cannot amend her pleading via her brief in opposition to a motion to dismiss, *Clean Coal Techs.*, 377 F. Supp. 3d at 321, in light of Plaintiff's *pro se* status, for purposes of this motion, the Court has accepted as true the assertions in Plaintiff's brief about the alleged rape at the airport. *See supra* n.1.

In the context of this case, accepting all of Plaintiff's allegations and assertions about the alleged airport rape, the Court cannot "draw the reasonable inference" that Defendant is "liable." *Iqbal*, 556 U.S. at 678. Plaintiff must raise "more than a sheer possibility" that Defendant is liable for the alleged rape, *id.*, and he simply cannot be held liable for alleged events in the extremely distant past, *see CTS*, 573 U.S. at 7–9. While a failure to allege even approximate dates might not be fatal in another case, here, the only relevant time period that Plaintiff has identified is 1972 to 1975. *See* Opp. at 2, 8. After notice and the opportunity to cure, Plaintiff has not offered Defendant and the Court a single fact from which to draw a "reasonable inference" that claims arising out of the alleged airport rape might be timely. *Iqbal*, 556 U.S. at 678. As such, any tort claims based on the alleged airport rape are also dismissed with prejudice.

**B. Plaintiff Cannot State a Claim under the VGMVPL.**

Plaintiff purports to assert a claim under the New York City "GMVA (Gender motivated violence act) also known as the VGMVPL." Opp. at 3. However, the First Department has expressly held that the VGMVPL does "not apply retroactively" to conduct that occurred before it "was enacted in 2000." *S.S. v. Rockefeller Univ. Hosp.*, 239 A.D.3d 424, 425, 236 N.Y.S.3d 145 (1st Dep't 2025). Plaintiff alleges that the conduct at issue in this case occurred, at the latest,

twenty-five years before the VGMVPL was enacted.  *See* Opp. at 2.

While a federal court is not "strictly bound" by the state intermediate appellate court, "rulings from such courts are a basis for 'ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.'" *DiBella v. Hopkins*, 403 F.3d 102, 112 (2d Cir. 2005) (quoting *West v. American Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940)).  This Court has no reason to believe that the New York Court of Appeals would disagree with the First Department.  The Court of Appeals has repeatedly stressed the "deeply rooted presumption against retroactivity" under New York law. *Gottwald v. Sebert*, 40 N.Y.3d 240, 259, 220 N.E.3d 621, 632 (2023) (quoting *Regina Metropolitan Co., LLC v. New York State*, 35 N.Y.3d 332, 370, 130 N.Y.S.3d 759, 779, 154 N.E.3d 972, 992 (2020)).  The Court has no basis to defy both the express holding of the First Department on the precise issue in this case and the "deeply rooted presumption against retroactivity" under New York law in general.  *Id.*; *see S.S.*, 239 A.D.3d at 425.  As such, Plaintiff's purported claim under VGMVPL is dismissed with prejudice.

## C.  Plaintiff Cannot State a Claim under 18 U.S.C. § 2242.

Plaintiff also purports to assert a claim pursuant to "Title 18 U.S.C. 2242."  Opp. at 2.  That is a federal criminal statute, which provides for "imprison[ment] for any term of years or for life" for a defendant who, "in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency," coerces another person to engage in a sexual act by threatening that person or by virtue of the person's incapacity.  18 U.S.C. § 2242.  However, "criminal statutes . . . do not provide

12

private causes of action." *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994). Thus, Plaintiff's purported claim under 18 U.S.C. § 2242 is dismissed with prejudice.

## D.  Plaintiff Cannot State a Claim under VAWA.

Plaintiff also purports to assert a claim under the Violence Against Women Act ("VAWA"). *See* AC ¶ 15; Opp. at 2.  However, there is "no private right of action under VAWA." *McGuirk v. Swiss Re Fin. Servs., Corp.*, No. 14-cv-9516 (CM), 2016 WL 10683305, at *23 (S.D.N.Y. June 17, 2016), *aff'd*, 699 F. App'x 55 (2d Cir. 2017); *see United States v. Morrison*, 529 U.S. 598, 620 (2000) (holding that "Congress . . . acted appropriately in enacting a private civil remedy against the perpetrators of gender-motivated violence").  Accordingly, Plaintiff's purported VAWA claim is likewise dismissed with prejudice.

## E.  Plaintiff Cannot State a Claim under 18 U.S.C. § 2255.

Plaintiff purports to assert a claim under "the Eliminating Limits to Justice for Child Sex-Abuse Victims Act of 2022 amended 18 U.S.C. § 2255(b)."  Opp. at 5.  The statute codified at Title 18, United States Code, Section 2255 ("Section 2255") provides a civil remedy for minor victims of certain federal crimes, including certain sex crimes.  *See* 18 U.S.C. § 2255(a).  In 2022, that statute was amended to eliminate the statute of limitations for such claims.  *See* Eliminating Limits to Justice for Child Sex Abuse Victims Act of 2022, Pub. L. No. 117-176 § 3103, 136 Stat. 2108 (2022); 18 U.S.C. § 2255(b) (2022) ("There shall be no time limit for the filing of a complaint commencing an action under this section").

The Second Circuit has explained that when Congress changes a statute-of-limitations provision, courts must "defer to the longstanding presumption against retroactive application" and, therefore, must not apply the new statute-of-limitations provision "retroactively to revive plaintiffs' previously expired" claims unless Congress clearly dictates otherwise.  *Enter. Mortg.*

*Acceptance Co., LLC, Sec. Litig. v. Enter. Mortg. Acceptance Co.*, 391 F.3d 401, 406 (2d Cir. 2004), *as amended* (Jan. 7, 2005); *see Singleton v. Clash*, 951 F. Supp. 2d 578, 591 (S.D.N.Y. 2013) ("When claims have expired under an effective statute of limitations, an amendment extending the statute of limitations will not be applied retroactively to revive stale claims unless it is the clear intent of Congress to revive such claims."), *aff'd sub nom. S.M. v. Clash*, 558 F. App'x 44 (2d Cir. 2014).  In *Singleton v. Clash*, a court in this District rejected a plaintiff's attempt to revive expired Section 2255 claims after Congress had previously extended the statute of limitations (before it eliminated the statute of limitations altogether), stressing that the amendment was "silent as to retroactivity and there [was] no evidence of congressional intent" to make the amendment retroactive.  *Singleton*, 951 F. Supp. at 591–92.  The Second Circuit affirmed the dismissal of the Section 2255 claim as time-barred.  *See S.M.*, 558 F. App'x at 45.

Similarly, here, the 2022 amendment to Section 2255 eliminating the statute of limitations is not retroactive.  *See Singleton*, 951 F. Supp. at 591–92; *Enter. Mortg. Acceptance*, 391 F.3d at 406.  Indeed, Congress expressly dictated that the amendment eliminating the statute of limitations applies only to claims that "would not have been barred . . . the day before" the amendment.  Pub. L. No. 117-176, § 3103, 136 Stat. 2108 (2022).  It is clear on the face of Plaintiff's pleading that Plaintiff could not have brought a Section 2255 claim arising out of events "between 1972 and 1975" before the 2022 amendment eliminating the statute of limitations. Opp. at 2.

Specifically, the prior version of the statute provided for a time bar "not later than 10 years after" either the date of reasonable discovery of the injury, or of the "victim reach[ing] 18 years of age."  Pub. L. No. 115-126 § 102, 132 Stat. 318 (2018).  Based on Plaintiff's allegations, she was aware of her alleged abuse when it occurred, allegedly "between 1972 and 1975."  Opp. at 2; *see id.* at 8; AC ¶¶ 7, 9.  As such, before the 2022 amendment, Plaintiff's Section 2255 claim expired

14

when she turned 28. *See* Pub. L. No. 115-126 § 102, 132 Stat. 318 (2018).  Since the latest alleged conduct was fifty years before Plaintiff filed suit, it is clear from Plaintiff's own allegations that she is more than fifty years old.  *See* Opp. at 2.  Thus, even if Plaintiff "was a young child" in 1975, AC ¶ 5, without the non-retroactive elimination of the statute of limitations, any Section 2255 claim Plaintiff might have had would have expired more than twenty-two years ago.  *See* Pub. L. No. 115-126 § 102, 132 Stat. 318 (2018).

Indeed, the Court strongly doubts that Plaintiff *ever* had a claim under Section 2255.  While the issue has not been briefed by the parties, it appears to the Court that Section 2255 was originally enacted in 1986, which was *after* Plaintiff alleges that Defendant abused her.  *See* Child Abuse Victims' Rights Act of 1986, Pub. L. No. 99-500, Title I § 101(b) (Title VII, § 703(a)), 100 Stat. 1783-39 (Oct. 18, 1986); *see Singleton*, 951 F. Supp. at 584 ("Section 2255 was enacted as part of The Child Abuse Victims' Rights Act of 1986").  Given the strong "presumption against retroactive legislation that is deeply rooted in our jurisprudence," and in the absence of any indication that the 1986 law was intended to create retroactive rights, Plaintiff *never* could have brought a claim under Section 2255 based on conduct that allegedly occurred between 1972 and 1975.  *Hughes Aircraft Co. v. U.S. ex rel. Schumer*, 520 U.S. 939, 946 (1997) (alteration adopted) (quoting *Landgraf v. USI Film Products*, 511 U.S. 244, 265 (1994)).

Furthermore, if Plaintiff ever had a Section 2255 claim, it would have expired long ago under the original statute of limitations.  As originally enacted, Section 2255 provided that "[a]ny action commenced under [it] shall be barred unless the complaint is filed within six years after the right of action first accrues or in the case of a person under a legal disability, not later than three years after the disability."  Pub. L. No. 99-500, Title I § 101(b) (Title VII, § 703(a)), 100 Stat. 1783-39.  Allowing for the unlikely possibility that the 1986 law created a claim based on alleged

15

1975 conduct, and assuming Plaintiff's age counted as a legal disability, nevertheless, any claim would have expired when Plaintiff turned twenty-one (*i.e.* three years after she reached the age of majority), which, based on Plaintiff's own allegations, was decades ago.  *See supra* at 15 (explaining that, since Plaintiff alleges that she was a child more than fifty years ago, her own allegations establish that she is more than fifty years old).  Accordingly, Plaintiff's purported Section 2255 claim is dismissed with prejudice.

## F.  Plaintiff Cannot State a Constitutional Claim.

Plaintiff asserts that she has "causes of action" under "the U.S. Constitution (9th and 14th Amendments)."  Opp. at 2.  The Ninth Amendment, which provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people," is a constraint on government power.  U.S. CONST. amend. IX.  The Ninth Amendment has no arguable applicability to this case, in which Plaintiff seeks damages from Defendant, a private actor, based on allegations that he sexually abused her.  In any event, the Second Circuit has held that "the Ninth Amendment is not an independent source of individual rights."  *Phillips v. City of New York*, 775 F.3d 538, 544 (2d Cir. 2015) (alteration adopted) (quoting *Jenkins v. C.I.R.*, 483 F.3d 90, 92 (2d Cir. 2007)).  As such, the Court rejects Plaintiff's "effort to recast [her] unsuccessful claims as a violation of the Ninth Amendment."  *Id.*  The Fourteenth Amendment similarly has no arguable application to this case.  "The Amendment applies only to state action." *Cooper v. U.S. Postal Serv.*, 577 F.3d 479, 491 (2d Cir. 2009).  There are no allegations of state action in this case.  Accordingly, Plaintiff's purported constitutional claims are dismissed.

## IV.    CONCLUSION

The Court is cognizant of the Second Circuit's admonition to "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments

16

they suggest." *McLeod*, 864 F.3d at 156 (quoting *Bertin*, 478 F.3d at 491). The Court has already given Plaintiff leave to amend, afforded her a lengthy briefing schedule to accommodate her *pro se* status, and liberally construed her submissions, including accepting as true supplemental factual assertions in her briefing. Plaintiff's submissions, however, do not suggest that she has a viable claim against Defendant, which might emerge if she has another opportunity to refine her pleading further. Moreover, Plaintiff has already asserted, and the Court has amply addressed, a number of theories for how she might be able to recover damages for misconduct that allegedly took place more than fifty years ago.

The Court is not required to fabricate other possible "novel claims" on her behalf, *id.*, and no amount of solicitude for her *pro se* status can justify requiring Defendant to submit to discovery about fifty-year-old alleged misconduct, *see CTS*, 573 U.S. at 7–9. Even if the allegations of truly grotesque conduct by Defendant are true, Plaintiff's claims are time-barred. *Bd. of Regents*, 446 U.S. at 487.

As such, this case is dismissed with prejudice.For the reasons stated above, Defendant's motion to dismiss [ECF No. 23] is GRANTED. The Clerk of Court respectfully is requested to terminate the motion at docket entry 23 and to close this case.

**SO ORDERED.**

**Date:  March 19, 2026**
      **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

17